RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 27 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLES SIDNEY MACK, JR.** | **DOCKET NO. 11-CV-1979; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **WARDEN MARINA MEDINA** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

Pro se petitioner Charles Sidney Mack, Jr., filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 8, 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary, Pollock, Louisiana. He attacks his 2006 sentence imposed in the United States District Court for the Western District of Louisiana, Monroe Division.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

Petitioner plead guilty to conspiracy to distribute 50 grams or more of cocaine base and was sentenced to 240 months of imprisonment, the statutory minimum applicable to his conviction. Petitioner field a Motion to Vacate under 28 U.S.C. §2255 in 2007 claiming that his guilty plea was involuntary, unlawfully induced, or rendered without an understanding of the charge and the

consequences of the plea. [3:05-cr-30040; Doc. #52] The motion was denied on May 8, 2007. [3:05-cr-30040; Doc. #61]

On January 29, 2008, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2) seeking application of the amended Sentencing Guidelines regarding crack cocaine offenses. [3:05-cr-30040; Doc. #72] The sentencing court determined that Petitioner was not entitled to a reduction in his term of imprisonment under Section 3582(c)(2). [3:05-cr-30040; Doc. #94] Petitioner appealed to the United States Fifth Circuit Court of Appeals. The judgment of the district court was affirmed. See U.S. v. Mack, 405 Fed.Appx. 905 (5th Cir. 2010).

Undeterred, Petitioner filed a motion to correct, set-aside, or vacate the conviction and/or sentence pursuant to Rule 60(b), based upon the Supreme Court decision in DePierre v. U.S., 131 S.Ct. 2225 (2011). He claimed that DePierre held that circumstantial evidence of a substance may not include evidence of physical appearance of the substance involved in the crime. [3:05-cr-30040; Doc. #108] The district court noted that, because the Rule 60(b) motion was attacking the validity of Petitioner's guilty plea, conviction, and sentence, it should be construed as a successive §2255 motion. [3:05-cr-30040; Doc. #109] Thus, the Court found that it was without jurisdiction to consider Petitioner's motion without Petitioner having obtained permission for filing same by the Fifth Circuit Court of Appeals. The result is the same

2

in the instant case.

## Law and Analysis

Petitioner has already been instructed by the Chief Judge of this District Court that he must obtain permission from the Fifth Circuit Court of Appeal before he can challenge his conviction or sentence. A §2241 petition attacking a federal conviction or sentence may be considered only if the petitioner establishes that the remedy under §2255 is inadequate or ineffective to test the legality of his detention. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the §2255 remedy rests with the petitioner. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, Petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. See Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner claims that he is entitled to a recalculation based on the vote of the U.S. Sentencing Commission to apply the Fair Sentencing Act of 2010 retroactively to the federal sentencing guidelines. First, Petitioner simply does not meet the Savings

Clause. He has failed to identify a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.

Second, the Court notes that on *November 1, 2011*, the sentencing judge in Monroe issued an order stating that he *had* reviewed Petitioner's case based on the amendments to the Sentencing Guidelines implementing the Fair Sentencing Act. The Court studied the Probation Office's recalculation of the applicable guideline range of imprisonment and the record in Petitioner's case, and determined that Petitioner was not entitled to a reduction in his term of imprisonment because he was serving the statutory minimum. [3:05-cr-30040; Doc. 110] The Monroe Division of this District Court has addressed the concerns raised in this case.

**Therefore, IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under 2241 be **DENIED and DISMISSED** because this Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 26th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE